UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BRIAN A. MAUS,**

**Petitioner,**

**v.** **Case No. 26-CV-1893**

**MARK WESTEN,**
*Sheriff for Langlade County*

**Respondent.**

---

## RECOMMENDATION AND ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

---

Brian Maus has been in custody at Langlade County Jail since November 25, 2025, when he was arrested for false imprisonment and resisting or obstructing an officer. *See* Langlade County Case No. 25-CF-186, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2025CF000186&countyNo=34&mode=details (last accessed Nov. 23, 2026). On October 9, 2026, Maus filed a petition for a writ of habeas corpus to challenge his pre-trial detention pursuant to 28 U.S.C. § 2241. Maus consented to magistrate judge jurisdiction. (ECF No. 4.)

Accompanying his petition is a motion to proceed without prepayment of the filing fee. (ECF No. 7.) Based on his application (ECF No. 7) and his trust account

statement (ECF No. 8), the court finds that he lacks the resources to pay the $5 filing fee. Maus also has three strikes against him under the Prison Litigation Reform Act (PLRA). This would bar his ability to proceed in forma pauperis in a federal court action, even if he lacks resources. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). But the PLRA does not apply to habeas cases that are properly filed. *Id.* Habeas cases under section 2241 are properly filed to challenge pretrial detention on state charges. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). Therefore, his motion to proceed without prepayment of the filing fee will be granted.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states,

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Maus provides four claims for relief: no probable cause to stop and arrest, no probable cause hearing within forty-eight hours, "criminal complaint not stating no probable cause and court lacking jurisdiction," and "no probable cause presented at preliminary hearing to bond over for trial and denied the right to call witnesses to testify

and Maus himself." (ECF No. 1 at 10–12.) For relief, Maus asks the court to dismiss his pending charges with prejudice and order him released from custody. (ECF No. 1 at 12.)

Section 2254 explicitly requires petitioners to exhaust their state remedies before filing a habeas petition in federal court. Although section 2241's text does not include this exhaustion requirement, courts apply this exhaustion requirement to habeas petitions filed under section 2241. *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)); *see also United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (concluding that the interests of comity may require exhaustion for section 2241 petitions). Only under "special circumstances" will a petitioner have fully exhausted his state remedies before trial. *U.S. ex rel Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979). Courts so far have only found special circumstances where a petitioner alleges a speedy trial or double jeopardy violation. *Grant v. Schmidt*, 18-CV-1709, 2019 WL 927342 at *2, 2019 U.S. Dist. LEXIS 30254 at *4 (E.D. Wis. Feb. 26, 2019); *see also Blanck*, 48 F. Supp. at 860 (double jeopardy); *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488 (1973) (speedy trial).

Exhaustion generally means that state courts must first be given a "full and fair opportunity" to adjudicate the petitioner's claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998). A full opportunity means the petitioner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims, "both the operative facts and controlling

law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006).

Maus left blank the "previous appeals/administrative remedy procedures" section of his petition. (ECF No. 1 at 6–9.) The Wisconsin Court of Appeals denied Maus's motion for leave to amend a circuit court order. Appellate Court Case No. 2026-AP-546, *available at* https://wscca.wicourts.gov/case/2026AP000546#summary (last accessed Nov. 23, 2026). The Wisconsin Supreme Court then denied his petition for review. *Id.* Based upon the public docket, it is not clear what the appellate and supreme courts denied Maus review of. However, the publicly available petitions that he filed in his petition for review with the Wisconsin Supreme Court suggest that the subject was related to the claims he brings in this habeas petition. *Id.* (petition for review).

Although Maus did not develop an argument about his exhaustion, it is possible that he did exhaust his probable cause review options before the state appellate courts. However, assuming that a petitioner has fully exhausted his state court remedies, the *Younger* doctrine still prevents federal habeas review unless "immediate federal intervention is necessary to prevent the challenge from becoming moot." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (holding that a petitioner is not entitled to federal habeas review after moving to dismiss and exhausting his state remedies). Immediate federal intervention is necessary when the petitioner alleges his double jeopardy or right to a speedy trial rights are violated. *Id.* Neither were alleged here.

**IT IS THEREFORE ORDERED** that Maus's motion to proceed without prepayment of the filing fee (ECF No. 7) is **granted**.

**IT IS FURTHER RECOMMENDED** that Maus's petition and this action be **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Civ. P. 72(a) and (b)(2), any written objection to any order or recommendation herein or part thereof shall be filed within fourteen days of the date of service of this recommendation and order. Failure to file a timely objection with the district court will result in a waiver of a party's right to review.

Dated at Milwaukee, Wisconsin this 24th day of November, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge